UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                          Case No.: 18-bk-05179
                                                                Chapter 7
BASSAM R ALKOWNI
HASEENA KHAN
Debtor.                              /
_____

**MOTION TO SELL REAL PROPERTY**
**FREE AND CLEAR OF LIENS ENCUMBRANCES AND INTERESTS**
(10436 Sparkle Ct)

COMES NOW Arvind Mahendru, Chapter 7 Trustee, by and through his undersigned counsel, and hereby moves for authority to sell certain improved real property free and clear of all liens, encumbrances and interests, and in support thereof states as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) (2) (A), (M), (N) and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein are, *inter alia*, 11 U.S.C. §§ 105, 363(b) and Federal Rules of Bankruptcy Procedure 2002 and 6004.

**BACKGROUND**

4. On August 24, 2018, the Debtor filed this case for relief under Chapter 7 of the United States Bankruptcy Code.

5. Arvind Mahendru was appointed Chapter 7 trustee (the "Trustee").

6. The Debtors own real property, by virtue of a deed, located at 10436 Sparkle Ct, Orlando, Florida, more particularly known as:

DIAMOND COVE UNIT 1A 32/9 LOT 22 as recorded in the public records of Orange County, Florida. (the "Property").

7. The Trustee completed a title search and found that the Property is encumbered by a mortgage lien. By priority, but not including any outstanding property taxes or municipal liens, the Property is encumbered as follows:

   a. First mortgage lien in favor of Bank of America.
   b. Second lien in favor of SBA
   c. Third lien in favor of Internal Revenue Service

8. The Trustee has accepted an offer from Ngu Huu Do and Christine Do (the Buyer) to purchase this home in the amount of $343,000.00, as payment in full (subject to Court and Lienholder approval).  The current offer was not the only offer on the property but is the highest offer. Moreover, the estate believes it is a fair offer for the current economy and the length the property has remained on the market.

9. Any real property taxes will be paid prorated.

10. The sale price of $343,000.00, net the closing costs will not be enough to satisfy the outstanding lien.  The lienholders are hereby on notice that if they believe they are receiving less than reasonable value for the release of their liens, they need to object to the proposed sale of the Property.

11. The Trustee has attached a "DRAFT" Settlement Statement that outlines the proposed distribution of the sale proceeds at closing, as Exhibit "A."

12. The Buyer is a disinterested party, the Trustee finds them to be acting in good faith, and they should be afforded the protections under Section 363(m).

## AUTHORITY TO SELL

13. Pursuant to § 363(b)(1) of the Bankruptcy Code, a trustee, after notice and hearing, may use, sell or lease property of the estate other than in the ordinary course of business. Additionally, pursuant to § 363(f) of the Bankruptcy Code, the trustee may sell property free and clear of any interest in such property of an entity other than the estate if (i) permitted under applicable non-bankruptcy law, (ii) the party asserting such interest consents, (iii) the interest is a lien and the purchase price of the property is greater than the aggregate amount of all liens on the property, (iv) the interest is subject of a bona fide dispute, or (v) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest.

14. Section 363(f) of the Bankruptcy Code is stated in the disjunctive. Thus, it is only necessary for the Trustee to satisfy one of the five conditions of §363(f).

15. The Trustee avers that he shall satisfy section 363(f)(2) insofar as all lien holders shall consent to a sale of the property under section 363(f)(2), and that he should then be authorized to sell the Property free and clear of all liens, claims, encumbrances and interests. Said lien holders consent is attached as Exhibit "B".

16. The Trustee avers that he shall satisfy section 6325(b)(3) of the Internal Revenue Code as all net proceeds from the sale shall be held in the bankruptcy estate's trust account. Said proceeds shall be disbursed to the Internal Revenue Service pursuant to the filing of a proof of claim and after deduction of administrative fees and expenses.

17. No allegation contained in this Motion or attachments thereto are intended by the Trustee as an attempt to seek approval of professional fees, trustee fees or costs. Amounts denoted for fees or benefit of creditors in the instant motion or attachments

thereto are for reference only. Monies collected by the Trustee shall be deposited in an estate account and will be distributed pursuant to applicable bankruptcy law. Moreover, professional compensation and Trustee compensation shall be sought by separate application to the Court.

## **CONCLUSION**

18. The Trustee, in the exercise of his business judgment, believes, and therefore avers, that the proposed sale is in the best interest of the creditors of the bankruptcy estate insofar as there is otherwise no equity in the Property, the Trustee is more familiar with the current market than other interested parties, and a sale under this motion serves the best interest of all interested parties, including the Secured Creditors. The Buyer has agreed, subject to Court approval, to pay to the Trustee the sum of $343,000.00 in exchange for the Property free and clear of all liens, encumbrances, or interests.

WHEREFORE, the Trustee moves for the entry of an Order substantially in the form attached hereto:

A. Authorizing the sale of the Property to the purchaser free and clear of all liens, encumbrances, or interests of any party; and,

B. Authorizing the Trustee to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale of the Property free and clear of all liens, encumbrances, or interests, including without limitation, executing a deed conveying the interests of the Debtor or any other party claiming an interest in the Property to the Purchaser;

C. Authorizing the Trustee and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are

required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro rated as of the closing with respect to the real property included among the purchased assets (b) any outstanding Home Owner's Association fee or assessment arrearages; and (c) other anticipated closing costs:

| | |
|---|---|
| Total Sales/Brokers Commission: | |
|     2% to BK Global | $6,860.00 |
|     4% to Century 21 | $13,720.00 |
| *commission is anticipated to be shared with cooperating agent | |
| Title Charges: | $2,890.00 |
| Government recording / transfer charges: | $2,510.00 |
| Other / Debits (*incl. 506(c) surcharge*) | $41,744.80 |
| Homeowners Association | $4,498.50 |
| Satisfaction of Liens: | |
| Bank of America    (home mortgage) | $269,450.47 |

D. Determining that all affected interests have been adjudged and declared to be unconditionally released as to the Property;

E. Determining that the Buyer has not assumed any liabilities of the Debtor;

F. Determining that the Buyer is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code, and that the Buyer is entitled to all protections of Section 363(m) of the Bankruptcy Code, and

G. Granting the Trustee such other and further relief as is just and proper.

Respectfully submitted,

/s/ Arvind Mahendru
Arvind Mahendru, Esq.
5703 Red Bug Lake Rd. #284
Winter Springs, FL 32708
407-504-2462

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served by U.S. Mail and/or electronic delivery to all parties listed below this April 23, 2019:

Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101; Internal Revenue Service, 400 W. Bay Street Suite 35045, M/S 5730, Jacksonville, FL 32202; United States Attorney, 400 W Washington, Suite 300, Orlando, Florida 32801, Attn: Civil Process Clerk; Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530-0001, Attn: Civil Process Clerk; and to Department of the Treasury, Internal Revenue Service, Washington, DC 20530.

*Via Certified Mail*
Bank of America, 100 North Tyron St, Charlotte, NC 28255, Attn. President, Officer, Manager, Managing Agent, where creditor routinely does business

and all parties on the attached mailing matrix

<u>/s/ Arvind Mahendru</u>
Arvind Mahendru, Trustee
